UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ESTEBAN SERNA,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 1:19-CV-16

HON. GORDON J. QUIST

## **MEMORANDUM OPINION**

Plaintiff, John Esteban Serna, filed a pro se complaint seeking judicial review of a final decision of the Commissioner of Social Security. The three-paragraph form complaint does not specify the type of benefits Plaintiff seeks, but the last paragraph states that "[t]he plaintiff has exhausted his administrative remedies in this matter and this court has jurisdiction for judicial review pursuant to 42 U.S.C. § 405(g)." (ECF No. 1 at PageID.2.)

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction, arguing that Plaintiff failed to exhaust his administrative remedies prior to filing the instant action. Defendant's motion is unopposed.

*Background*

Although it is unclear from Plaintiff's complaint, Defendant submits evidence that Plaintiff has been receiving Social Security disability benefits since May 2009 and that Plaintiff has an auxiliary beneficiary, S.S.—a minor child who also received benefits. (ECF No. 7-1 at PageID.32–33.) Juan C. Serna, S.S.'s grandfather, was designated a representative payee for benefit payments to S.S. (*Id.* at PageID.33.) On October 26, 2018, Plaintiff requested that he be named the

representative payee for S.S. Plaintiff reported that he did not have custody of S.S. and that S.S. was living with the child's mother. (*Id.*) On December 26, 2018, the Social Security Administration (SSA) notified Plaintiff that benefits for S.S. were being suspended because S.S.'s grandfather could no longer serve as S.S.'s representative payee. (*Id.* at PageID.33, 62.) The SSA indicated that it was looking for another qualified representative to receive the payments and that when payments were resumed, S.S., through the representative payee, would receive all of the money that was due. The notice provided instructions for seeking review of the decision. (*Id.* at PageID.63.) Neither the grandfather nor Plaintiff filed a request for reconsideration of the SSA's December 26, 2018, determination. (*Id.* at PageID.34.)

## *Discussion*

A motion under Rule 12(b)(1) may be brought as either a facial attack or a factual attack. *Gentek Bldg. Prods. v. Steel Peel Litig. Trust*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.3d 320, 325 (6th Cir. 1990)).

> A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading. When reviewing a facial attack, a district court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6). If those allegations establish federal claims, jurisdiction exists.

*Id.* (citations omitted). On the other hand, when a motion presents matters outside the pleadings in an attack on jurisdiction, the district court may make factual findings to resolve the dispute. *Lovely v. United States*, 570 F.3d 778, 781-82 (6th Cir. 2009); *see also Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2007) ("When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter."). Because Defendant's motion presents matters outside the record, the motion presents a factual attack.

2

Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which provides, in pertinent part:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g). Section 405(g) "clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108, 97 S. Ct. 980, 986 (1977). Although § 405(g) limits review to a "final decision of the Commissioner," that phrase is not defined in the statute. *Weinberger v. Salfi*, 422 U.S. 749, 766, 95 S. Ct. 2457, 2467 (1975). However, the regulations provide that a claimant must complete a four-step process to obtain a judicially-reviewable final decision. *See* 20 C.F.R. §§ 404.900(a)(1)–(4); 416.1400(a)(1)–(4). "First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth the claimant must seek review of the ALJ's decision by the Appeals Council." *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019) (citing 20 C.F.R. § 416.1400). "If a claimant has proceeded through all four steps on the merits . . . § 405(g) entitles him to judicial review in federal district court." *Id.* Thus, two elements are necessary to enable a federal district court to review decisions of the Commissioner pursuant to § 405(g): the Commissioner must issue a final decision and the claimant must exhaust his administrative remedies. *Pohlmeyer v. Sec'y of Health & Human Servs.*, 939 F.2d 318, 320 (6th Cir. 1991).

In the instant case, neither element is met. Plaintiff failed to seek reconsideration of the SSA's December 26, 2018, determination with regard to the representative payee for S.S., and the Commissioner has not issued a final decision. Accordingly, Defendant's motion will be granted because the Court lacks jurisdiction over Plaintiff's complaint.

*Conclusion*

For the foregoing reasons, the Court lacks jurisdiction over this matter. Defendant's motion to dismiss will be granted.

A separate Order will enter.


Dated: August 8, 2019                           /s/ Gordon J. Quist
                                                                               GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE